# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| KEVON DESHAUN MOSES, | No. CV 18-8795-CJC (PLA) |
| Petitioner, | **ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION FOR FAILURE TO EXHAUST CLAIMS AND/OR AS TIME BARRED** |
| v. | |
| K. CLARK, Warden, | |
| Respondent. | |

Kevon Deshaun Moses ("petitioner") initiated this action on October 8, 2018, by constructively filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). The Petition challenges his September 15, 2015, conviction, pursuant to a no contest plea, in the San Luis Obispo County Superior Court, case number 14C-48655, for assault with force likely to produce great bodily injury (Cal. Penal Code § 245(a)(4)), and an enhancement based on a prior prison term (Cal. Penal Code § 667.5(b)). (Pet. at 42 ("Felony Abstract of Judgment")). Petitioner appealed his conviction (Pet. at 70-79), and on July 14, 2016, the California Court of Appeal denied that petition. See *http://appellatecases.courtinfo.ca.gov* (last visited Oct. 18, 2018). Petitioner has presented no evidence that he has raised his claims to the California Supreme Court and a search of the

California Supreme Court's website also reflects that petitioner has not filed either a petition for review or a habeas petition in that court. Id.

**A.     EXHAUSTION**

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the *state* supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. Cal. Dep't of Corr., 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). State remedies are not exhausted if an appeal or petition for post-conviction relief is still pending in state court. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (if petitioner has a pending state appeal, he "must await the outcome of his appeal before his state remedies are

exhausted"); Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (state remedies are unexhausted where a petition for post-conviction relief is still pending in state court). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, the state court website reflects that petitioner has not fairly presented his claims on direct appeal or in a habeas petition to the California Supreme Court. Petitioner also admits that he has not exhausted his state judicial remedies in the California Supreme Court. (See Pet. at 2-3. 5). As the Petition, therefore, appears to be unexhausted, it is subject to being dismissed without prejudice. Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

**B.   STATUTE OF LIMITATIONS**

The Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[1] In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As stated above, petitioner was convicted on September 17, 2015. Direct review in petitioner's case proceeded only before the California Court of Appeal, which affirmed petitioner's conviction on July 14, 2016. Petitioner did not file a petition for review in the California Supreme Court. Accordingly, his conviction became final on August 23, 2016, forty days after the court of appeal confirmed his conviction. See Cal. R. Ct. 8.264(b)(1), 8.500(e)(1); see also Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002). Therefore, petitioner had until August 23, 2017, to file a timely federal petition. 28 U.S.C. § 2244(d)(1)(A). Petitioner, however, constructively filed the present action on October 8, 2018, more than a year later. On its face, therefore, it appears that the Petition is barred by the statute of limitations.

---

[1] Beeler was overruled on other grounds in Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

## C. CONCLUSION

Based on the foregoing, petitioner is **ordered to show cause** (1) why the Petition should not be dismissed as unexhausted; and (2) why the Petition should not be dismissed as barred by the statute of limitations.

Specifically, **no later than November 8, 2018**, petitioner must submit to the Court a response making clear his arguments, if any, as to (1) why the Petition should not be dismissed as unexhausted; and (2) why the Petition should not be dismissed as barred by the statute of limitations. All facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents. Petitioner must also include proof that the claims for relief set forth in the instant Petition, **and the federal basis for those claims**, have previously been presented to the California **Supreme** Court, by providing this Court with a complete copy of either the petition for review or state habeas petition raising those claims to the California Supreme Court.

Alternatively, if petitioner agrees that the Petition should be dismissed without prejudice as unexhausted and/or as barred by the statute of limitations, he may file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41"). Rule 41 allows for the voluntary dismissal of an action by a petitioner[2] without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987). Respondent has not yet appeared in this action. The Court clerk is directed to send petitioner a

---

[2] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." See also Hilton v. Braunskill, 481 U.S. 770, 776 & n.5 (1987) (Federal Rules of Civil Procedure may be applied to habeas petitions so long as they are not inconsistent with the Rules Governing Section 2254 Cases). The Rules Governing Section 2254 Cases do not contain a specific provision addressing voluntary dismissals. See Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993) (applying Rule 41 to a petitioner's request for voluntary dismissal of his habeas petition); Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases"); Woods v. Knowles, 2003 WL 21767470, at *1 (N.D. Cal. July 23, 2003). Thus, Rule 41, which otherwise governs such dismissals, is applicable to this habeas action.

copy of a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)" along with this Order to Show Cause.

**Failure to respond by November 8, 2018, will result in the Petition being summarily dismissed as unexhausted, and/or time barred, and/or for failure to prosecute and follow court orders**.

DATED: October 18, 2018

/s/ Paul L. Abrams
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE